| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO | | |
| TRIBUNAL DE APELACIONES | | |
| PANEL V | | |
| GADIEL NAVARRO RIVERA H/N/C BC MINI MARKET<br><br>Peticionario<br><br>v.<br><br>MGK INC. H/N/C KADENA DE AHORRO Y MI GENTE 2GO; JOHN DOE Y MARY DOE<br><br>Recurridos | TA2025CE00641 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: LO2024CV00085 (407)<br><br>Sobre: Incumplimiento de contratos y Daños |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Compareció el Sr. Gadiel Navarro Rivera (en adelante, "señor Navarro Rivera" o "peticionario") mediante el recurso de *Certiorari* presentado el 18 de octubre de 2025. Nos solicitó la revisión de la *Orden* emitida y notificada el 24 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "foro de Instancia"). Esta esta, el foro de Instancia denegó un término adicional para el descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, se **deniega** expedir el recurso de epígrafe.

**-I-**

El 17 de mayo de 2024, el señor Navarro Rivera presentó *Demanda*[1] sobre incumplimiento de contratos y daños contra MGK, Inc. En esencia, alegó que suscribió un contrato con MGK, Inc., en el cual se obligó a operar su supermercado como una franquicia de MGK, Inc. Señaló que, entre los acuerdos y términos, MGK, Inc. se obligó a no establecer una de sus franquicias a menos de 2 millas

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1.

de la ubicación de la franquicia adquirida por el señor Navarro Rivera. No obstante, adujo que MGK, Inc. incumplió con este acuerdo al establecer una franquicia a menos de 2 millas, lo cual afectó el potencial de ingresos del señor Navarro Rivera.

Luego de varios trámites procesales que resultan innecesarios pormenorizar, 15 de julio de 2024, el foro de Instancia le ordenó a las partes lo siguiente: "[i]nformen las partes en 30 días si habrán de realizar descubrimiento de prueba en este caso y el itinerario del mismo, so pena de dar por concluido el descubrimiento de prueba y señalar Conferencia con Antelación a Juicio".[2]

En cumplimiento de orden, el 15 de agosto de 2024, el señor Navarro Rivera informó al tribunal que ambas partes harían descubrimiento de prueba, cursarían interrogatorios y realizarían una toma de deposición los días 9, 10 y 30 de septiembre de 2024.[3] En igual fecha, MKG, Inc. le cursó *Interrogatorio preliminar y producción de documentos* al señor Navarro Rivera mediante el cual hizo preguntas dirigidas a la presentación de prueba pericial, entre otras.[4]

Así pues, el foro de Instancia emitió el 16 de agosto de 2024 y notificó el 21 de agosto de 2024 una *Orden* en la cual determinó como sigue:

> A tenor de lo informado, se acoge el itinerario del descubrimiento de prueba en este caso y se da por concluido el descubrimiento de prueba el 11 de octubre de 2024. A partir de esa fecha, comenzarán a decursar los términos dispuestos en las Reglas 36.1 y 36.2 de Procedimiento Civil. Los términos dispuestos en esta Orden de Calendarización son de estricto cumplimiento y sujeto su incumplimiento a sanciones conforme la Regla 37.7 de Procedimiento Civil.[5]

Por su parte, el 7 de octubre de 2024, el señor Navarro Rivera mediante *Contestación a interrogatorio preliminar y producción de*

---

[2] SUMAC-TPI, entrada núm. 12.
[3] SUMAC-TPI, entrada núm. 13.
[4] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 3, anejo I, págs. 6-7.
[5] SUMAC-TPI, entrada núm. 14.

*documentos* indicó que presentaría el testimonio de un perito cuya contratación estaba en proceso y, por lo cual, alegó que su nombre y cualificaciones se notificarían oportunamente.[6]

El 19 de diciembre de 2024, el foro de Instancia emitió y notificó una *Orden* en la cual requirió como sigue: "[e]n 5 días partes informen sobre el estado de los procedimientos. Nótese que se dio por terminado descubrimiento de prueba el 11 de octubre de 2024".[7]

Luego de la imposición de una sanción por incumplir con la orden anterior, el 18 de marzo de 2025, MKG, Inc. instó *Moción conj[u]nta en cumplimiento de orden y solicitud de reconsideración* en la cual consignó, entre otras cosas, que ambas partes habían terminado el descubrimiento de prueba y estaban preparados para la Conferencia con Antelación a Juicio.[8]

Tras unos trámites que resultan innecesarios pormenorizar, el 21 de agosto de 2025, las partes en conjunto presentaron el *Informe de conferencia preliminar entre abogados*.[9] Allí, MKG, Inc. señaló que el señor Navarro Rivera "no tiene prueba alguna sobre las inversiones en equipos y mejoras en el local que guarden relación con MGK [...] como tampoco tiene prueba alguna de las alegadas pérdidas de ingreso".[10] Por su parte, el señor Navarro Rivera informó que no presentaría prueba pericial.[11]

El 25 de agosto de 2025, el foro de Instancia celebró la Conferencia con antelación a juicio en el cual revisó el informe pertinente y determinó que las partes debían reunirse para establecer las estipulaciones de hechos, así como detallar con mayor especificidad la prueba documental y testifical.[12] Durante esa vista, MGK, Inc. advirtió nuevamente que "al presente no se le ha cursado

---

[6] SUMAC-TA, entrada núm. 3, anejo II, pág. 2.
[7] SUMAC-TPI, entrada núm. 16.
[8] SUMAC-TPI, entrada núm. 18.
[9] SUMAC-TPI, entrada núm. 24.
[10] *Id.*, pág. 6.
[11] *Id.*, pág. 14.
[12] SUMAC-TPI, entrada núm. 28.

documento alguno sobre daño económico y p[é]rdida de ingresos. Solo se ha sometido ciertas facturas sobre unas inversiones en el local".[13] Además, MKG, Inc. señaló que el descubrimiento de prueba había culminado. Ante esto, el foro de Instancia manifestó que "el descubrimiento de prueba terminó y no permitirá la reapertura. Solo permitirá que se aclare el informe en cuanto a lo que ha ordenado".[14]

Tras una solicitud de relevo de representación legal, 11 de septiembre de 2025, el foro de Instancia concedió al señor Navarro Rivera veinte (20) días para informar su nuevo abogado so pena de desestimación bajo la Regla 39.2 de Procedimiento Civil.[15]

En cumplimiento de orden, el 23 de septiembre de 2025, el señor Navarro Rivera presentó *Moción asumiendo representación legal[,] anunciando perito y solicitud de pr[ó]rroga.*[16] Tal cual se desprende del título de la moción, la nueva representación legal del señor Navarro Rivera anunció que el expediente no cuenta con prueba pericial para probar los daños y, por ello, solicitó un término adicional para producir un informe pericial y enmendar el informe de conferencia con antelación a juicio.

Así las cosas, el 24 de septiembre de 2024, el foro de Instancia emitió y notificó *Orden* en la cual dispuso como sigue:

> Ha lugar a solicitud de asumir representación legal del demandante por el Lcdo. Ayala.
>
> Se declara No ha lugar al término adicional para el descubrimiento de prueba. Véase Entrada 28. El descubrimiento de prueba finalizó.[17]

Inconforme con lo anterior, el 18 de octubre de 2025, el señor Navarro Rivera acudió ante esta Curia mediante el recurso de epígrafe y señaló el error siguiente:

> Erró el juez sentenciador al **declarar mediante orden No Ha Lugar la** Moción solicitando la presentación de perito al caso y así emendar el informe con conferencia con Antelación al

---

[13] *Id.*, pág. 2.
[14] *Id.*
[15] SUMAC-TPI, entrada núm. 30.
[16] SUMAC-TPI, entrada núm. 31.
[17] SUMAC-TPI, entrada núm. 32.

> Juicio. El Tribunal abus[ó] de su discreción al emitir la orden sin fundamento legal pertinente que valide lo ordenado.[18]

Por su parte, el 3 de noviembre de 2025, MGK, Inc. presentó su *Oposición a expedición de certiorari.*[19]

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

-II-

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o

---

[18] SUMAC-TA, entrada núm. 1, pág. 6 (énfasis en el original).
[19] SUMAC-TA, entrada núm. 3.

en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

*Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad

para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso ante nos, el peticionario alegó que el foro de Instancia abusó de su discreción al denegar la solicitud para presentar un perito y enmendar el informe de conferencia con antelación a juicio. Sin embargo, luego de revisar el expediente no estamos persuadidos de que el foro de Instancia haya incurrido en abuso de su ejercicio discrecional que obligue nuestra intervención.

Nótese que, el expediente refleja que el peticionario sabía la necesidad de presentar un perito en su caso e incluso este indicó que se encontraba en proceso para contratar un perito. Asimismo, expresó que notificaría las credenciales y cualificaciones del perito oportunamente. No obstante, al finalizar el descubrimiento de

prueba, el peticionario indicó —en el informe de conferencia con antelación a juicio— que no presentaría prueba pericial.

Tras examinar el expediente de epígrafe, a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra*, no encontramos razones para expedir el auto y revisar la *Orden* recurrida. Tampoco surge que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la *Orden* recurrida no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de Instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

Así las cosas, a tenor con los criterios que establece la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos expuestos previamente, **denegamos** expedir el recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones